IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2018 JUL 31 PM 4: 22

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

| | | |
|---|---|---|
| PHILLIP O'BRIANT, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-18-2099 |
| SYLVESTER B. COX, Judge, | * | |
| A. BROCKINGTON, Court Clerk, | | |
| PRO SE ATTORNEY CLINIC ATTORNEYS, | * | |
| Defendants | * | |

***

## MEMORANDUM

On July 10, 2018, the self-represented plaintiff, Phillip O'Briant, filed suit under 42 U.S.C. § 1983 against Baltimore City Circuit Court Judge Sylvester B. Cox; A. Brockington, a Clerk of that court; and unknown "Pro Se Clinic Attorneys" who assist self-represented litigants for that court. In his Complaint (ECF 1), supported by exhibits, plaintiff seeks $1.2 million in damages based on alleged violations of his rights under the Due Process Clause of the 5th Amendment and the Equal Protection Clause of the 14th Amendment. *Id.* at 5.

O'Briant complains that Brockington encouraged him to seek advice from the Pro Se Attorney Clinic before filing a complaint against the Baltimore City Office of Child Support, which had "falsely accused him of not making his court ordered payments." *Id.* at 6. As a result of that accusation, plaintiff claims his Maryland driver's license was wrongly suspended as of December 2014. *Id.*

The complaint against the Office of Child Support, filed by plaintiff on July 10, 2017, sought money damages for tortious injury due to the improper suspension of driving privileges, based on an allegedly false claim that O'Briant had failed to pay child support. That case was dismissed, without prejudice, by Judge Cox on January 12, 2018, due in part to defects in

obtaining service of process on the defendant agency. *See O'Briant v. Baltimore City Office of Child Support*, Case No. 24-C-1700-3632 (Balto. City Cir. Ct.), docket entry 10; ECF 1 at 8. O'Briant's motion to alter or amend that judgment was denied by Judge Cox on April 18, 2018. *Id.*, docket entry 11/3.

Thereafter, on April 30, 2018, O'Briant filed suit against Judge Cox. That case was dismissed on May 17, 2018. *See O'Briant v. Cox*, Case No. 24-C-1800-2698 (Balto. City Cir. Ct.).

**Discussion**

O'Briant includes with his Complaint a motion for leave to proceed in forma pauperis. ECF 2. The motion shall be granted. However, the Complaint shall be dismissed.

The court is mindful that the pleadings of self-represented litigants are accorded liberal construction. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). Therefore, a court is charged with liberally construing a complaint filed by a pro se litigant, in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). But, liberal construction, does not mean a court can ignore a clear failure to allege facts that set forth a cognizable claim. *See Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Because O'Briant is proceeding *in forma pauperis,* the Court must screen his complaint. *See* 28 U.S.C. § 1915(e)(2) (2012). District courts "shall dismiss" a complaint filed by a self–represented plaintiff if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." *Id.*, § 1915(e)(2)(B).

Any claim against Judge Cox for decisions made in his capacity as a judge is barred by the doctrine of judicial immunity. As the Supreme Court said in *Forrester v. White*, 484 U.S.

2

219, 226B 27 (1988), AIf judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits.

O'Briant disapproves of Judge Cox's dismissal of his state court actions, but provides no factual assertions indicating that the claim would not be barred by judicial immunity. His claim directly implicates Judge Cox's role as a judge. Such a claim is one that is "open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability." *Id.* An ordinary mechanism of review was available to plaintiff under Maryland law. O'Briant could have sought review by the Maryland Court of Special Appeals. *See* Md. Code (2013 Repl. Vol.), § 12-301 of the Courts and Judicial Proceedings Article.

As to Brockington and the attorney who reviewed plaintiff's pleadings, O'Briant asserts that they did not indicate there were problems with his paperwork. ECF 1 at 8. He claims they "were aware" that he would not be able to effectuate proper service on the State, and "acted with malicious intent to deprive [him] of his right to due process of law under the 5th Amendment." *Id.* This contention is not borne out by the docket, which reveals that the case was dismissed *without prejudice* due to improper service. The docket also reveals other defects in the complaint, as set forth in Judge Cox's denial of reconsideration, including O'Briant's failure to give timely notice to the State Treasurer of his tort claim against the agency, and the State's determination that it would not waive immunity in the matter.

Neither Brockington nor a clinic attorney entered an appearance on O'Briant's behalf, and any free advice or review of his pleadings at most constitutes a State negligence claim. Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter

3

jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178 (1936)). In other words, the complaint must contain allegations establishing jurisdiction. *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). Moreover, the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); accord *Hertz v. Friends*, 599 U.S. 77, 95 (2010); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

The State law claim asserted against Brockington and the unnamed clinic attorney does not state a federal claim. But, such a claim may be brought in this court if the requirements for diversity jurisdiction are satisfied. Diversity jurisdiction applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). O'Briant, a citizen of Maryland, does not indicate there exists diversity of citizenship with regard to Brockington and the unnamed attorney, both of whom reside in Maryland. Thus, the Complaint fails to establish a basis for invoking this Court's diversity jurisdiction.

The Complaint shall be dismissed, without prejudice. An Order follows.

Date: 7/31/18

Ellen L. Hollander
United States District Judge